JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brandon Feher

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Barry J. Scatton, Esq. Morgan & Morgan 2005 Market St, Suite 600 Philly, 19103 267-780-2987

## DEFENDANTS

Emideo Curcio & Stouts Transportation

County of Residence of First Listed Defendant  Ocean County (NJ)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Matthew Laver Weber Gallagher 267-519-4979

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY |
|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 (a)(1)

Brief description of cause:
Plaintiff was crushed by Defendant's Bus.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Policy Limits

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE

Jul 13, 2026

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON FEHER**<br>**George W. Hill Correctional**<br>**Facility**<br>**500 Cheyney Rd, Thornton, PA**<br>**19373**<br><br>          **Plaintiff**<br><br>     **v.**<br><br>**EMIDEO CURCIO**<br>**1023 Bell St,**<br>**Toms River, NJ 08753**<br><br>     **&**<br><br>**STOUT'S TRANSPORTATION**<br>**20 Irven St,**<br>**Trenton, NJ 08638**<br>        **Defendants.** | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES the Plaintiff, Brandon Feher, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Brandon Feher (hereinafter "Plaintiff") is an adult individual who resides at the above captioned address

2. The Defendant, Emideo Curcio (hereinafter "Defendant Driver") is an adult individual who resides at the above captioned address.

3. The Defendant, Stout's Transportation (hereinafter "Stout's") is a New Jersey business

1

entity with a registered at the above captioned address.

4. This Honorable Court has jurisdiction over this case in accordance with 28 U.S.C. Section 1332(a)(1) as diversity between the parties exists and the amount in controversy exceeds $75,000.

5. At all relevant times, the Defendant Driver was the agent, servant, workman and/or employee of Stout's, and was acting in the course and scope of his employment.

6. At all relevant times, the Federal Motor Carrier Safety Regulations applied to the Defendant Driver and his employer, Stout's.

7. Philadelphia County is proper venue as the Plaintiff resides in Philadelphia County and the incident took place in Philadelphia County.

## FACTUAL BACKGROUND

8. On February 2nd, 2025, at approximately 9:46 p.m., Plaintiff was asleep on the sidewalk at 119 S. 13th Street in front of the Van Leeuwen ice cream shop.

9. Sansom Street intersects S. 13th street at this location.

10. At the same time, Defendant Driver was operating a coach bus travelling westbound on Sansom St at its intersection with S. 13th street in Philadelphia, Pennsylvania.

11. For unknown reasons, Defendant Driver proceeded to recklessly make a right-hand turn onto S. 13th St from Sansom Street.

12. Defendant Driver knew that the coach bus he was driving could not successfully make a right-hand turn from Sansom Street onto 13th Street without encroaching on the sidewalk.

13. Defendant Driver knew that making such a turn would require encroaching on the sidewalk.

14. As a professional driver, Defendant Driver knew that pedestrians routinely use sidewalks

2

to safely travel out of the path of vehicles like the bus he was driving.

15. Defendant Driver knew that encroaching on the sidewalk in a large coach bus could cause the bus to strike pedestrians, like Plaintiff.

16. While in the process of making the aforementioned reckless turn from Sansom Street onto S. 13th Street, Defendant Driver ran Plaintiff over, as he slept on the sidewalk.

17. Defendant Driver then left the scene of the accident after he crushed Plaintiff with his bus.

18. Plaintiff was catastrophically injured as a result of the accident and underwent immediate surgery/surgeries.

19. At all relevant times hereto, Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

20. Defendant Stout's knew that Defendant Driver was did not possess the skills and training needed to safely drive a coach bus yet they recklessly permitted him to regardless.

21. Defendant Stout's knew that Defendant Driver had a history of preventable accidents such as the one forming the genesis of this Complaint yet they continued to recklessly permit him to drive their busses.

22. Defendant Stout's recklessly failed to provide Defendant Driver with the necessary training to prevent accidents such as the one involving Plaintiff.

23. As a result of the aforesaid injuries, Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries including physical therapy.

24. All of the aforementioned treatment for Plaintiff's injuries has been deemed reasonable and necessary.

25. As a result of the aforesaid injuries, Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

26. As a result of the aforesaid injuries, Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

27. As a result of the aforesaid injuries, Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

28. As a result of the aforesaid injuries, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

29. As a result of the aforesaid injuries, Plaintiff sustained an impairment of his earning capacity / potential.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**BRANDON FEHER v. EMIDEO**
**CURCIO**

30. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

31. The negligence, carelessness and/or recklessness of the Defendant Driver, individually and as the agent, servant, worker and/or employee of Stout's, consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his Bus so as to avoid injuring Plaintiff;

   b. Failing to take proper precautions in the operation of his bus so as to avoid making a wide turn, running over the sidewalk and thus striking the Plaintiff;

4

c. Operating his Bus in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

d. Failing to have his bus under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

e. Failing to remain alert;

f. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or Buses;

g. Failing to operate is bus in accordance with the Federal Motor Carrier Safety Regulations, including FMCSA Regulation 391.41, 391.11, 391.45, 391.51, 383.23, 392.2, 392.4A,

h. Failing to properly control his bus in light of the circumstances then and there existing;

i. Failing to make necessary and reasonable observations while operating his bus;

j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid careening off the road and injuring Plaintiff;

k. Failing to timely and properly apply his brakes;

l. Acting with a conscious disregard for the rights and safety of Plaintiff.

32. As a direct and proximate cause of the negligence and/or recklessness of the Defendant Driver, Plaintiff suffered the following injuries:

a. Shattered pelvis;
b. Open broken femur;

c. Crushed genitalia

33. As a result of the aforesaid injuries, Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the

5

aforesaid injuries including physical therapy.

34. All of the aforementioned treatment for Plaintiff's injuries has been deemed reasonable and necessary.

35. As a result of the aforesaid injuries, Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

36. As a result of the aforesaid injuries, Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

37. As a result of the aforesaid injuries, Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

38. As a result of the aforesaid injuries, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

39. As a result of the aforesaid injuries, Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**PLAINTIFF v. Stout's Transportation as being vicariously liable for Emideo Curcio**

40. The preceding paragraphs are incorporated herein by reference as though fully set forth.

41. The negligence, carelessness, and/or recklessness of Stout's, as being vicariously liable

for the actions of Defendant Driver, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his Bus so as to avoid crashing into a retaining wall and injuring Plaintiff;

    b. Failing to take proper precautions in the operation of his Bus so as to avoid the collision that occurred;

    c. Operating his Bus in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

    d. Failing to have his bus under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    e. Failing to remain alert;

    f. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or Buses;

    g. Failing to operate his bus in accordance with the Federal Motor Carrier Safety Regulations, including FMCSA Regulation 391.41, 391.11, 391.45, 391.51, 383.23, 392.2, 392.4A,

    h. Failing to properly control his bus in light of the circumstances then and there existing;

    i. Failing to make necessary and reasonable observations while operating his bus;

    j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid careening off the road and injuring Plaintiff;

    k. Failing to timely and properly apply his brakes;

    l. Acting with a conscious disregard for the rights and safety of Plaintiff.

42. As a result of the above-stated acts and omissions, Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary.

### COUNT III
### NEGLIGENT AND/OR RECKLESS HIRING SUPERVISION/RETENTION
### PLAINTIFF v. STOUT'S TRANSPORTATION

43. The preceding paragraphs are incorporated herein by reference as though fully set forth.

44. Stout's Transportation had an obligation/duty to hire, retain, and supervise drivers who operate their vehicles in a safe manner.

45. The Plaintiff was injured as a result of an incident related to the Defendant Driver's driving, more specifically, the Defendant Driver's unsafe driving.

46. The negligence, carelessness, and/or recklessness of Stout's individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Driver, consisted of, but is not limited to the following:

   A. Failing to properly train, monitor, and/or supervise its employee's drivers and/or agents including, but not limited to the Defendant Driver;

   B. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   C. Failing to have an appropriate disciplinary policy within the company;

   D. Hiring and/or continuing to employ the Defendant Driver despite the fact that it knew or should have known that her propensity to break vehicular rules of the Commonwealth of Pennsylvania could and/or would put the driving public at risk;

   E. Failing to train and/or properly train the Defendant Driver prior to allowing him to operate its company bus;

8

F. Failing to ensure that Defendant Driver submitted to medical examinations required by the FMCSA.

G. Failing to ensure that Defendant Driver obtained a form MCSA-5876 Medical Examiners Certificate.

H. Failing to adopt appropriate employee manuals and/or training procedures;

I. Failing to enforce both the written and unwritten policies of Stout's;

J. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies and procedures of Stout's;

K. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

L. Failing to monitor and/or regulate its drivers' actions.

47. As a result of the above stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ___/s/_____

BARRY J. SCANTON, ESQUIRE

Dated: Dated: July 13, 2026

Attorney for the Plaintiff

9

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **BRANDON FEHER**<br>**George W. Hill Correctional**<br>**Facility**<br>**500 Cheyney Rd, Thornton, PA**<br>**19373**<br><div align=right>**Plaintiff**</div><br><div align=center>**v.**</div><br>**EMIDEO CURCIO**<br>**1023 Bell St,**<br>**Toms River, NJ 08753**<br><div align=center>**&**</div><br>**STOUT'S TRANSPORTATION**<br>**20 Irven St,**<br>**Trenton, NJ 08638**<br><div align=right>**Defendants.**</div> | JURY TRIAL DEMANDED |

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:     /s/ _____

BARRY J. SCATTON, ESQUIRE

Dated: July 13, 2026

Attorney for the Plaintiff